2003 OK JUD ETH 8
## JUDICIAL ETHICS OPINION 2003–8.

### No. 2003–8.

Oklahoma Judicial Ethics Advisory Panel.

Jan. 14, 2004.

## QUESTION:

Should a Federal Administrative Law Judge recuse from all cases in which a first cousin or any member of the firm by whom the cousin is employed appears as the representative of a claimant?

## FACTS:

The hearing before the office of Hearings and Appeals are of record, and appeal from an adverse ruling may be made to the federal Administrative Law Judge. Hearings are non-adversarial in that the government does not appear. Applicants may appoint a lawyer or non-lawyer to appear as their representatives, only an individual may be appointed, not a firm. The Administrative Law Judge approves fees allowed to the attorneys. The Judge, as a practice, recuses when the cousin is the representative.

## WE ANSWER:

No, but disclosure should be made.

**Canon 2: "A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities**

A. A judge should respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

B. A judge should not lend the prestige of judicial office to advance the private interests of the judge or others; nor should a judge convey or permit others to convey the impression that they are in the special position to influence the judge."

## DISCUSSION:

In the fact situation as presented, the cousin is an "employee" of a firm and receives no direct benefit over and above his salary from fees earned by other employees or the employer and thus does not benefit directly

from fees awarded by the judge. If after disclosure of the judge's relationship with an employee of the firm representing an applicant, recusal is requested, the judge should be mindful of the provisions of Canon 2 in determining whether recusal is appropriate.

/s/ Robert L. Bailey, Chairman

/s/ Robert D. Simms, Vice Chairman

/s/ Milton C. Craig, Secretary